**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001109
30-SEP-2015
09:53 AM**

NO. CAAP-12-0001109

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SCOTT L. ANDREWS, Plaintiff-Appellant,
v.
CRIME VICTIM COMPENSATION COMMISSION,
of the State of Hawai'i, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NOS. 11-1-0299 and 11-1-300 (Consolidated))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)


Plaintiff-Appellant Scott L. Andrews (Andrews) submitted two applications for compensation to Defendant-Appellee Crime Victim Compensation Commission (Commission). Andrews sought compensation for two incidents, alleging that he was a crime victim, even though he was the person charged in each instance. The Commission denied compensation for the first incident on the grounds that Andrews' application was untimely and he did not show good cause for the late filing. The Commission partially granted compensation for the second incident. Andrews appealed the Commission's decisions to the Circuit Court of the Third Circuit (Circuit Court),[1] which

---

[1] The Honorable Glenn S. Hara presided.

dismissed Andrews' appeals for lack of subject matter jurisdiction.[2/]

In this secondary appeal, Andrews appeals from the Final Judgment issued by the Circuit Court. We conclude that Andrews' appeal lacks merit, and we affirm the Circuit Court's Final Judgment.

I.

A.

Andrews' applications to the Commission for compensation involved two incidents in which he was involved in altercations with Alexander Lewis (Lewis). In each instance, Andrews and Lewis filed complaints against each other with the police. In each instance, Andrews and not Lewis was charged with a crime.

Nevertheless, Andrews applied for compensation with the Commission based on the injuries he claimed he sustained in each incident. The Commission initially denied Andrews' application in Case No. 09-0857 (Case 857), finding that Andrews did not file his application within the required eighteen-month time limit and that he did not show good cause to justify the late filing.[3/] The Commission also initially denied Andrews' application in Case No. 09-0858 (Case 858), finding that Andrews was "not a victim of a crime for which compensation may be ordered."

---

[2/] The Circuit Court consolidated the two appeals before issuing its decision.

[3/] Hawaii Revised Statutes (HRS) § 351-62(a) (1993) provides:

(a) No order for the payment of compensation shall be made under this chapter unless the application has been made within eighteen months after the date of injury, death, or property damage; provided that upon a showing of good cause, the commission may consider applications filed beyond this time period.

Hawai'i Adminstrative Rules (HAR) § 23-605-2 (2001) provides, in relevant part:

"Good cause" means a determination that the applicant was unable to file an application within 18 months after the date of the incident or report the incident to the police without undue delay due to a mental, physical or legal impairment. Good cause may not be established by ignorance of the law, incarceration, or negligent failure to ascertain the facts giving rise to a claim.

Andrews appealed the Commission's initial decisions,[4] and the Commission held a consolidated hearing on Andrews' appeals. In Case 857, the Commission again denied Andrews' application for compensation, finding that Andrews failed to show good cause for the untimely filing of his application. The Commission found: "After considering the evidence and the testimony presented, the Commission finds that there is insufficient evidence to establish that the Applicant was physically, mentally, or legally impaired and incapable of submitting an application to the Commission within 18 months of the incident."

In Case 858, the Commission reconsidered its initial decision and partially granted Andrews' application, awarding him $1,738.29 in medical expenses. The Commission made the following findings in explaining its partial award:

> After considering the evidence and testimony presented, the Commission finds that the Applicant demonstrated that he had a bruise on his chest and a bruise on his thigh following the December 12, 2008, incident.
>
> However, the Commission is limiting the award to the December 12, 2008 medical treatment of the two bruises inasmuch as (1) there is insufficient evidence to determine whether Mr. Lewis or any other individuals present caused these bruises and (2) the Applicant bore a share of responsibility for the December 12, 2008 incident.

Pursuant to Hawaii Revised Statutes (HRS) § 351-13 (Supp. 2014), the Commission's Decision and Order in each case was signed by the Commission's Chairperson, Lisa A. Dunn.

B.

Andrews appealed the Commission's Decisions and Orders in Case 857 and Case 858 to the Circuit Court. The Commission moved to dismiss Andrews' appeals, arguing that under HRS § 351-17(b), the Circuit Court lacked jurisdiction over Andrews' appeals. HRS § 351-17(b) (Supp. 2014) provides, in relevant part:

---

[4] The Commission's initial decisions were issued by the Commission's Investigator and approved by the Commission's Executive Director.

(b) Any person aggrieved by an order or decision of the commission on the sole ground that the order or decision was in excess of the commission's authority or jurisdiction, shall have a right of appeal to the circuit court of the circuit in which the person resides; provided the appeal is filed within thirty days after mailing of an original or a certified copy of the order or decision to the applicant's last known address. Except as otherwise provided in this section, orders and decisions of the commission shall be conclusive and not subject to judicial review.

(Emphases added.)

The Circuit Court concluded that Andrews' appeals did not involve claims that the Commission's decisions exceeded its authority or jurisdiction, but instead challenged the Commission's findings of fact and evaluation of the sufficiency of the evidence. The Circuit Court therefore dismissed Andrews' appeals pursuant to HRS § 351-17(b) for lack of jurisdiction.[5] The Circuit Court entered its Final Judgment on November 4, 2012.

II.

In this appeal, Andrews alleges a myriad of errors he claims were made by the Circuit Court and the Commission. We conclude, however, that the question of the Circuit Court's jurisdiction is dispositive. As explained below, we hold that the Circuit Court properly dismissed Andrews' appeals because the appeals did not challenge the Commission's decisions on the "ground that the order or decision was in excess of the commission's authority or jurisdiction." See HRS § 351-17(b). Accordingly, the Circuit Court lacked jurisdiction to decide Andrews' appeals.

1.

Under HRS § 351-17(b), judicial review is limited to appeals based on the Commission's exceeding its authority or

---

[5] The Circuit Court alternatively ruled that assuming that it had jurisdiction to address the merits of Andrews' appeals, it would affirm the Commission's Decisions and Orders in Case 857 and Case 858 on the merits.

jurisdiction. Therefore, unless there is an actual or bona fide claim that the Commission acted in excess of its authority or jurisdiction, the Circuit Court is without jurisdiction to review the appeal. Although Andrews asserted in his appeals to the Circuit Court that the Commission acted "in excess of [its] authority or jurisdiction," his claims in substance challenged the Commission's factual findings and its evaluation of the evidence.

In Case 857, the Commission's decision turned on a factual dispute over whether Andrews had shown that he was physically, mentally, or legally impaired to the extent that he was incapable of submitting an application, which Andrews was required to show to demonstrate good cause for the late filing. Based on the Commission's evaluation of the evidence, including evidence presented by its medical consultant, the Commission found that there was "insufficient evidence to establish that the Applicant was physically, mentally, or legally impaired and incapable of submitting an application to the Commission within 18 months of the incident."

In Case 858, the Commission's decision turned on its evaluation of the evidence, including the credibility of witnesses. The Commission based its decision to limit its award of compensation on its findings (1) that there was insufficient evidence to show that Lewis or others present had caused Andrews' bruises; and (2) that Andrews bore a share of responsibility for the incident.

As noted, the substance of Andrews' appeals of the Commissioner's final decisions challenged the Commission's factual findings and evaluation of the evidence and did not truly raise claims that the Commission had exceeded its authority or jurisdiction. We therefore conclude that the Circuit Court properly dismissed Andrews' appeals for lack of jurisdiction.

2.

In support of his appeals to the Circuit Court, Andrews cited the Hawai'i Supreme Court's decision in <u>Application of Edmundson</u>, 63 Haw. 254, 625 P.2d 372 (1981). In <u>Edmundson</u>, the supreme court construed the former version of HRS § 351-17, which contained language that is substantively identical to the language of HRS § 351-17(b) that is at issue in this appeal.[6] The court held that this language permitted judicial review of Edmundson's claim that the Commission[7] had misinterpreted statutory provisions governing its computation of the award of compensation, which resulted in the Commission's erroneous determination that it was unable to award compensation to Edmundson.

The Commission had interpreted the statutory provisions relating to collateral benefits and the $10,000 limit on compensation awards as requiring it to subtract any collateral benefits received by an applicant from the $10,000 statutory limit, with only the remainder available to award compensation for losses. <u>Id.</u> at 255, 625 P.2d at 373-74. Under this interpretation, applicants who received collateral benefits exceeding $10,000, like Edmundson, could never receive any award from the Commission. <u>Id.</u> at 262, 625 P.2d at 378. Edmundson, on the other hand, argued that the statutory provisions should be interpreted to require the Commission to: (1) determine the

---

[6] The former version of HRS § 351-17 construed in <u>Edmundson</u> provided, in relevant part:

> Any person aggrieved by an order or decision of the criminal injuries compensation commission on the sole ground that the order or decision was in excess of the commission's authority or jurisdiction, shall have a right of appeal to the supreme court. . . . Except as otherwise provided in this section, orders and decisions of the commission shall be conclusive and not subject to judicial review.

<u>Edmundson</u>, 63 Haw. at 256, 625 P.2d at 374.

[7] At the time of the <u>Edmundson</u> decision, the Commission was known as the Criminal Injuries Compensation Commission, but has since been renamed the Crime Victim Compensation Commission.

6

applicant's gross economic loss plus pain and suffering, (2) deduct collateral benefits (except death benefits from a victim's life insurance policy) from the gross figure, and (3) then award compensation up to the $10,000 limit based on the applicant's net economic loss plus pain and suffering. Id. at 258, 625 P.2d at 375. The Hawai'i Supreme Court agreed with Edmundson's interpretation of the statutory provisions. Id. at 261-62, 625 P.2d at 377.

In discussing why HRS § 351-17 did not preclude judicial review in Edmundson's case, the supreme court stated that "the Commission's decision to deny compensation was based not on a factual finding that the claim failed to warrant compensation, but on a legal conclusion." Id. at 256, 625 P.2d at 374. The court concluded that "[w]here the action of an administrative board involves the construction of a statute under which it functions, a question of law is presented for our determination." Id.

Edmundson is distinguishable and does not affect our conclusion that the Circuit Court lacked jurisdiction over Andrews' appeals. Unlike in Edmundson, the Commission's decisions in Andrews' applications were based on the Commission's factual findings and evaluation of the evidence; the Commission's decisions did not turn on its interpretation of the applicable law. Thus, Edmundson is inapposite.[8]

---

[8] We note that in Alaka'i Na Keiki, Inc. v. Matayoshi 127 Hawai'i 263, 275, 277 P.3d 988, 1000 (2012), the Hawai'i Supreme Court stated that "[s]eparation of powers concerns may arise when the legislature vests administrative agencies with judicial power but precludes judicial review of the determinations made by the agency in exercising such power." In this case, HRS § 351-17(b) only limits, and does not preclude, judicial review, and HRS § 351-17(b) has been judicially construed to permit judicial review of decisions based on the Commission's interpretation of the statutes under which it functions. See Edmundson, 63 Haw. at 256, 625 P.2d at 374. In addition, the Commission's award of compensation involves adjudication of disputes involving public rights, not private rights -- a factor which may serve to diminish separation of powers concerns. See Alaka'i, 127 Hawai'i at 294-96, 277 P.3d at 1019-21 (Recktenwald, C.J., concurring and dissenting). Accordingly, HRS § 351-17(b) is not subject to invalidation on separation of powers grounds.

III.

Based on the foregoing, we affirm the Circuit Court's Final Judgment.

DATED: Honolulu, Hawai'i, September 30, 2015.


On the briefs:

Scott Andrews
Plaintiff-Appellant
Pro Se

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
Attorney General of Hawai'i
for Defendant-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

8